UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 2:07-cr-00165-2 |
| : | |
| PHILIP SAINSBURY, : | |
|           Defendant : | |

**O P I N I O N**
Motion for Compassionate Release, ECF No. 454 – Denied

**Joseph F. Leeson, Jr.**                                                                                    **May 2, 2025**
**United States District Judge**

## I.      INTRODUCTION

Defendant Philip Sanisbury, who is serving a thirty-three-year sentence has filed a motion for compassionate relief based on USSG § 1B1.13(b)(6) ("unusually long sentence") and nonretroactive changes in the law. The Government opposes the motion. For the reasons set forth below, the motion for compassionate relief is denied.

## II.     BACKGROUND

In 2009, following a trial, the jury found Sainsbury guilty of conspiracy to commit armed robbery in violation of 18 U.S.C. § 371, two counts of armed robbery in violation of 18 U.S.C. § 2113(d), and two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). *See* ECF No. 262. At the time of sentencing, each additional violation of § 924(c) after the first violation carried a twenty-five-year mandatory minimum. *See* 18 U.S.C. § 924(c)(1)(C)(i) (2009) (amended by First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22). As a result, Sanisbury was sentenced to a total of eight years'

imprisonment on the conspiracy count, two robbery counts, and one § 924(c) count, and to a consecutive twenty-five-years' imprisonment on the second § 924(c) count. *See* ECF No. 304.

On January 20, 2022, this Court denied Sanisbury's motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A), which argued, *inter alia*, that his sentence should be reduced because under changes in the law he would only be sentenced to fourteen years for committing the same crimes today and that his medical conditions increase the likelihood of severe outcomes from COVID. *See* ECF Nos. 431, 443. Finding that Sainsbury did not establish any extraordinary and compelling reasons for reducing his sentence, the Court explained, in pertinent part, that the Third Circuit Court of Appeals in *United States v. Andrews* held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." *See* Opn. 7, ECF No. 443 (citing 12 F.4th 255, 260-61 (3d Cir. 2021)).[1]

Sanisbury has filed another motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on an amendment to the Sentencing Guidelines policy statement at § 1B1.13(b)(6) ("unusually long sentence"). *See* Mot., ECF No. 454. He again relies on nonretroactive changes to the law. *See id.* The Government filed a Response to in opposition to the Motion challenging the validity of § 1B1.13(b)(6). *See* Resp., ECF No. 456.

The motion was stayed pending litigation in the Third Circuit in *United States v. Rutherford*. *See* ECF No. 463. Following a decision in *Rutherford*, the Government filed a supplemental response in opposition to the Motion for Compassionate Release. *See* Supp. Resp., ECF No. 464. The matter is now ready for disposition.

---

[1] The *Andrews* court reasoned that "considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties." *Andrews*, 12 F.4th 255, 261 (3d Cir. 2021). It determined "there is nothing extraordinary about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *See id.* at 260 (cleaned up).

### III. STANDARD OF REVIEW - Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A) - Review of Applicable Law

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[2] This section dictates that the defendant must first move for compassionate release with the Bureau of Prisons ("BOP"), which then has thirty (30) days to consider the request. After exhaustion, the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)[3] [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. §

---

[2]    Section 3582(c) is part of the Sentencing Reform Act of 1984 ("SRA") but was amended by the First Step Act to provide prisoners a more direct route to court for their claims.  *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

[3]    The § 3553(a) sentencing factors include, but are not limited to:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
       (B) to afford adequate deterrence to criminal conduct;
       (C) to protect the public from further crimes of the defendant; and
       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   . . .
   [4] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
   . . .
18 U.S.C. § 3553(a).

3582(c)(1)(A).<sup>4</sup>

The "applicable policy statement[]" is USSG § 1B1.13, which defines what circumstances should be considered "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). "One year after Congress passed the First Step Act, however, the U.S. Sentencing Commission lost its quorum to amend the compassionate release policy statement (USSG § 1B1.13) to reflect the First Step Act's provision that a defendant was now authorized to file their own motion for compassionate release." *United States v. Castillo*, No. 12-cr-230-3, 2024 U.S. Dist. LEXIS 20260, at *6-7 (E.D. Pa. Feb. 5, 2024). For this reason, the Third Circuit Court of Appeals held that the Commission's policy statement in § 1B1.13 was advisory and "not binding—for courts considering prisoner-initiated motions." *See United States v. Andrews*, 12 F.4th 255, 259-60 (3d Cir. 2021) (stating that the descriptions of "extraordinary and compelling reasons" in the policy statement could nevertheless guide a court's decision). *See also United States v. Hurd*, No. 22-1084, 2022 U.S. App. LEXIS 33181, at *3 n.3 (3d Cir. Dec. 1, 2022) (determining that "under *Andrews*, courts are not precluded from considering dangerousness, either by looking to § 1B1.13's policy statements for guidance or as part of the § 3553(a) sentencing factors"). "This changed in April 2023, when the Sentencing Commission promulgated new amendments to the Sentencing Guidelines." *Castillo*, 2024 U.S. Dist. LEXIS 20260, at *6 (explaining that the Commission regained its voting quorum in 2022).

Amendment 814 to the Sentencing Guidelines revised § 1B1.13 and makes the Commission's policy statement binding. *See id.* Amendment 814 also expanded the categories

---

<sup>4</sup>    *See also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See id.* at *7. The modified categories are as follows: (1) medical conditions of the defendant; (2) health deteriorations in the defendant as a result of old age; (3) family circumstances of the defendant; (4) the defendant was the victim of abuse while incarcerated, (5) "other reasons," and (6) unusually long sentence.[5] The Commission's now-binding policy statement also requires the petitioner to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* USSG § 1B1.13(2).[6]

---

[5]    Subsection (b)(6) further provides:
   If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6).

[6]    Section 3142(g) provides:
   The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
   (2) the weight of the evidence against the person;
   (3) the history and characteristics of the person, including—
      (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
      (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

IV.  **ANALYSIS**

Sanisbury seeks relief based on Section 403 of the First Step Act, which amended § 924(c) to provide that the mandatory twenty-five-year consecutive term of imprisonment for a successive § 924(c) offense does not apply unless the defendant had a previous, final conviction for a § 924(c) charge at the time of the offense.  However, Section 403 was not made retroactive by Congress.  *See* First Step Act § 403(b), 115 P.L. 391 (Dec. 21, 2018) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, **if** a sentence for the offense has not been imposed as of such date of enactment." (emphasis added)).  Because Congress took retroactivity "off the table" in the First Step Act, the Policy Statement in § 1B1.13(b)(6) "cannot change that."  *See Rutherford*, 120 F.4th at 378-79.  Accordingly, "the First Step Act's change to § 924(c) cannot be considered in the analysis of whether extraordinary and compelling circumstances make a prisoner eligible for compassionate release."  *See id.* at 380.  Sanisbury's Motion for Compassionate Release based on USSG § 1B1.13(b)(6) is denied.

V.  **CONCLUSION**

Sanisbury relies on nonretroactive changes in the First Step Act to § 924(c) to seek compassionate release, which the Third Circuit Court of Appeals in *Rutherford* held cannot be considered as extraordinary and compelling circumstances.  Thus, the Motion for Compassionate Release is denied.  A separate Order follows.

> BY THE COURT:
>
> */s/ Joseph F. Leeson, Jr.*
> JOSEPH F. LEESON, JR.
> United States District Judge

---

18 U.S.C. § 3142(g).